IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR IBRAHIM GHAFI,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants. | Case No. 24-cv-03736-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Petitioner Omar Ibrahim Ghafi seeks to have this Court order Defendants—the Department of Homeland Security and several agencies under it—to issue him a boarding letter to travel to the United States and to parole him into the United States upon his arrival. He also seeks to have this Court declare that Defendants violated the law by misleading him into thinking that he was being deported. Defendants move to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted. The Court finds this matter suitable for resolution without argument pursuant to Civil Local Rule 7-1(b), vacates the hearing set for May 30, 2025, and **GRANTS** Defendants' motion.

## I.     FACTUAL BACKGROUND

Petitioner Omar Ghafi is a noncitizen who on May 8, 2023 sought to enter the United States through Chicago, Illinois, claiming to seek asylum. Pet. (dkt. 1) ¶¶ 2–3. Customs and Border Patrol agents informed him that his asylum claim had already been denied and refused to refer him for an interview. Id. ¶ 3. Ghafi attempted to call his attorney to have her speak with the CBP agents, but they told Ghafi they did not want to speak to his attorney. Id. ¶ 4. When his attorney tried to call the agents directly, they told

her that he had no right to counsel and refused to speak further with her. Id.

The CBP agents informed Ghafi that he would be sent back to Jordan and that he needed to personally book his return flight, which he did that day. Id. ¶ 5. At the same time, though, the agents paroled Ghafi into the United States pursuant to 8 C.F.R. § 235.2, thus deferring his examination (and with it any determination of whether he would be removed) for one month until June 7, 2023. Id. ¶ 6. The CBP agents issued Ghafi a parole document, but he apparently did not see or understand this document and returned to Jordan the day after he arrived in Chicago. Id. ¶¶ 5–6.

Ghafi now seeks a writ of mandamus seeking to require Immigration Customs and Enforcement to facilitate his return to the United States by issuing a boarding letter and paroling him upon arrival in the United States. Id. at 9. He also seeks declaratory relief that the CBP agents acted wrongfully by misleading him into thinking that he was being deported even though he was paroled into the United States. Id. Defendants move to dismiss Ghafi's petition on two grounds: (1) that the Immigration and Nationality Act strips this Court of jurisdiction to review decisions regarding parole, thus precluding his claims for injunctive relief, and (2) that Ghafi's allegations as to CBP agents' conduct do not rise to the level of a due process violation.

## II.   DISCUSSION

Through the Immigration and Nationality Act, Congress has limited judicial review of certain decisions of executive agencies tasked with immigration enforcement. As relevant here, 8 U.S.C. § 1182(a)(2)(B)(ii) bars judicial review of any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [their] discretion." This includes parole decisions, which are discretionary. 8 U.S.C. § 1182(d)(5)(A); see also Vasquez Romero v. Garland, 999 F.3d 656, 665 (9th Cir. 2021) ("the jurisdiction-stripping provision of § 1252(a)(2)(B)(ii) applies to discretionary parole decisions under § 1182(d)(5)"). Even "constitutional claims [and] questions of law" as to parole decisions may not be initially asserted in federal district court; they are judicially reviewable only if "raised upon a

petition for review filed with an appropriate court of appeals" following an order of removal. 8 U.S.C. § 1252(a)(2)(D), (5); see also Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir. 2001) ("a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb").

This mostly resolves Ghafi's claims for relief. Ghafi admits that CBP paroled him into the United States, Compl. ¶ 6, and CBP's decision to do so is immune from judicial review. So is CBP's subsequent decision not to parole Ghafi into the United States upon his return; that is still a decision as to parole that this Court lacks jurisdiction to review or force CBP to revisit. See Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997) (requiring a nondiscretionary duty for mandamus relief to be proper); R.T. Vanderbilt Co. v. Babbitt, 113 F.3d 1061, 1065 (9th Cir. 1997) (same under Administrative Procedure Act).[1]

Ghafi attempts to skirt the INA's jurisdiction-stripping provisions by asserting that he challenges the process, not the results, of CBP's parole decision-making. See Opp. (dkt. 29) at 5. For instance, he argues that CBP was required to refer him for a credible fear interview because he presented an asylum claim and that CBP officers denied him of his right to counsel when they did not allow him to speak to his attorney. Id. at 4. But these arguments too stall at the simple fact that CBP paroled him into the United States— that is, that CBP did not determine whether Ghafi was admissible when he arrived in Chicago; instead, they deferred his inspection by a month. Thus, the statutory requirement that immigration officers refer noncitizens for a credible fear interview was never triggered, as no immigration officer ever "determine[d] that [Ghafi] … [was] inadmissible under section 1182(a)(6)(C) or 1182(a)(7)." 8 U.S.C. § 1225(b)(1)(A)(ii); see also 8 C.F.R. § 235.3 (certain procedures required once a noncitizen "is determined to be

---

[1] Ghafi's reliance on ICE Policy Directive No. 11061.1 § 3.1 (Feb. 24, 2012) is misplaced. That policy does not apply to Ghafi, as he has not alleged that any court has ruled in his favor on a petition for review. See id. § 2 (applying "if an alien who prevails before the U.S. Supreme Court or a U.S. court of appeals was removed while his or her PFR was pending" (emphasis added)). And in any case, the policy creates no judicially enforceable right for which Ghafi could seek mandamus relief. Id. § 8; see also Christenson v. Harris County, 529 U.S. 576, 587 (2000).

inadmissible under [section 1182(a)(6)(C) or 1182(a)(7)]"). Similarly, noncitizens' right to counsel under the INA and its implementing regulations applies only once there is an "examination," not before. 8 C.F.R. § 292.5(b) ("nothing in this paragraph shall be construed to provide any applicant for admission in either primary or secondary inspection the right to representation, unless the applicant for admission has become the focus of a criminal investigation and has been taken into custody"); cf. Singh v. Waters, 87 F.3d 346, 349 (9th Cir. 1996) (finding noncitizen's removal unlawful due to denial of the right to counsel). Because Ghafi was neither participating in an examination nor detained as the focus of a criminal investigation when he tried to contact his counsel, he was not entitled to counsel at the time that CBP paroled him into the United States. Ghafi thus fails to state a claim upon which relief can be granted.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss. To the extent that Ghafi challenges Defendants' decision whether to parole him into the United States (in 2023 or now), his claims are dismissed without leave to amend because they challenge a discretionary decision over which this Court lacks jurisdiction. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is appropriate if amendment would be futile). To the extent that he challenges any aspects of Defendants' process, his claims are dismissed with leave to amend within 28 days of the issuance of this order. That said, any future amendment must accord with Ghafi's well-pleaded allegation that he was, in fact, paroled into the United States on May 8, 2023. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) (amendments may not contradict allegations in original complaint).

**IT IS SO ORDERED.**

Dated: May 27, 2025

CHARLES R. BREYER
United States District Judge